■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ANTONIO VALENZUELA, Defendant. AMERICAN BANKERS INSURANCE Co., as Surety, Appellant. [660 NYS2d 13] —Order, Supreme Court, New York County (Joan Carey, J.), entered June 14, 1996, which, upon second renewal of the surety's motion for remission of bail, adhered to its initial order, entered on or about January 31, 1995, denying remission, unanimously reversed, on the facts and as a matter of discretion in the interest of justice, without costs, and the forfeited bail is ordered remitted.

Defendant was convicted and sentenced in July 1993 (Clifford A. Scott, J.) for the crime for which bail had been posted. The record reveals that the $25,000 bail bond had been secured by collateral posted by defendant's brother in the form of $10,000 cash and the latter's family home. Forfeiture was based upon defendant's failure to appear, but the date of such absence is at issue in the instant proceeding.

Defendant initially failed to appear on November 30, 1992, and judgment of forfeiture was entered on December 2. Returned on a warrant two days later, defendant was paroled and the matter was adjourned. Justice Scott's chambers notified the Bail Bond Bureau on January 4, 1993 that the surety bond forfeiture order had been vacated, and requested return of the bail bond. Defendant's second failure to appear was on

April 14, 1993. Another bench warrant was issued, upon which defendant was returned five days later.

A motion for remission of forfeited bail must be made within one year after the forfeiture (CPL 540.30 [2]). The surety's initial motion was filed on January 3, 1994, on the belief that the forfeiture clock had begun to run on April 14, 1993. The motion was rejected as untimely, the court noting that the forfeiture date was actually November 30, 1992. The surety then made its first renewal motion, pointing out that it had relied on information from the clerk's office that the earlier forfeiture order had been vacated. Upon reconsideration, the court adhered to its earlier decision.

The surety then learned that a timely motion for remission of bail had in fact been made in October 1993 by defendant's attorney, wherein the court had been advised that defendant had missed the November 1992 court date due to illness, and that forfeiture of the bail would cause defendant's family undue hardship. The surety thereupon made a second renewal motion, attaching the October 1993 affirmation of defendant's attorney. Once again, the court adhered to its original decision, citing as deficiencies in the latest renewal effort the absence of a supporting affidavit from the surety, and the fact that the assertion of family hardship was based only on hearsay.

The surety's tardiness in bringing its initial motion, based upon misleading information from the court clerk's office, was innocent. Furthermore, the surety's reliance on defendant's attorney's earlier hearsay affirmation in the latest renewal motion was, under these circumstances, a purely technical defect. On this narrow set of facts, where the deficiencies in motion practice are minor when compared with the harsh result, and where the People have failed to show prejudice by the granting of the relief sought, the interest of justice requires reversal and remission of the forfeited bail. Concur—Ellerin, J. P., Wallach, Rubin and Mazzarelli, JJ.